UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

ARTHUR HOUSTON

       Plaintiffs,

      - against

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
JULIO MICEHELI SHIELD 2782, SGT.
CLAUDIO RAMIREZ SHIELD UNKNOWN, DET.
KANOVER SHIELD UNKNOWN, DET. CYRUS
SHIELD UNKNOWN, DET. ALERTE SHIELD UNKNOWN
DET. THOMAS SHIELD UNKNOWN

       Defendants,

- - - - - - - - - - - - - - - - - - - - x

**ANENDED COMPLAINT**
**15cv4993 (ILG) (PK)**

Plaintiffs Demand
Trial by Jury

1. The Plaintiffs, ARTHUR HOUSTON bring this action under 42 U.S.C. Section 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Section 1988 for the defendants violation of the rights afforded by the United States Constitution and under the laws of the State of New York.

2. On May 17, 2013, the defendants New York City Police DETECTIVE JULIO MICHELI Shield 2782 arrested the Plaintiff ARTHUR HOUSTON without just and probable cause which caused him to be incarcerated for approximately 36 hours.

3. The plaintiff ARTHUR HOUSTON was prosecuted on the charges until they were dismissed on June 26, 2014.

4. JURISDICTION

5. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. 1883 pursuant to 28 U.S.C. 1331 and Sect. 1343 (3).

6. The Court has supplemental jurisdiction over Plaintiff's
Arthur Houston

state law claims pursuant to 28 U.S.C. 1331 and Sec. 1343 (3.)

## PARTIES

7. The parties are citizens of the United States or legal residents of the United States and are residents of the State of New York.

8. At all times mentioned herein, upon information and belief, defendant, DETECTIVE JULIO MICEHLI shield number 2782, SGT. CLAUDIO RAMIREZ DET.KANOVER, DET. CYRUS, DET. ALERTE and DET. THOMAS whose shield numbers are unknown, sued herein in both their official and individual capacities, were employed and still is employed as New York City Police Officers, and were acting in their capacity as Police Officers and Detectives on May 17, 2013. At all times mentioned herein, upon information and belief, defendants, DETECTIVE JULIO MICHELI, and "John Doe Nos. 1-6", upon information and belief were stationed out of the Brooklyn North Narcotics Unit  of the New York City Police Department.

9.   At all times relevant to this action, defendants, Detective JULIO MICHELI, SGT. CLAUDIO RAMIREZ DET.KANOVER, DET. CYRUS, DET. ALERTE and DET. THOMAS whose shield numbers are unknown, were assigned to work as police officers and Detectives at the Brooklyn North Narcotics Unit in Kings County on May 17, 2013.

10. Defendant, THE CITY OF NEW YORK, is a municipal corporation incorporated under the laws of the State of New York and as such is responsible for the practices, polices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling, and disciplining of

Arthur Houston

those persons employed by the New York City Police Department.

FACTUAL ALLEGATIONS

11. On or about May 17, 2013 at approximately 6 o'clock in the morning, plaintiff was inside of the premises located at 102 Covert Street Apartment 1 in the County of Kings in the City and State of New York.

12. At the above time and place, the Plaintiff was inside said premises when the defendants MICHELI SGT. CLAUDIO RAMIREZ DET.KANOVER, DET. CYRUS, DET. ALERTE and DET. THOMAS whose shield numbers are unknown, entered said premises and placed under Plaintiff under arrest. In addition to arresting the Plaintiff in the course of conduct by the Defendants certain property owned by the Plaintiff ARTHUR HOUSTON was damaged or destroyed.

13. The plaintiff was handcuffed and taken to the Brooklyn North Narcotics Unit followed by Central Booking and finally to the Criminal Court on May 17, 2013.

14. During the evening of May 17, 2013, the Plaintiff was arraigned before the presiding judge, being charged with Possession of Pistol Ammunition and Unlawful Possession of Marihuana. Bail was set at $750 and said bail was not made until the late afternoon of May 18, 2013 and the Plaintiff was subsequently released from custody some time later of May 18, 2013.

15. The case against the Plaintiff was dismissed on June 26, 2014.

16. The Plaintiff did not commit any crimes. The defendant's actions were willful, outrageous, unjustified and not predicated

Arthur Houston

on probable cause.

COUNT I

17. As a direct and proximate result of defendant's actions on May 17, 2013, the plaintiff ARTHUR HOUSTON was falsely arrested and detained without just and probable cause and without a warrant.

18. The false arrest of the plaintiff ARTHUR HOUSTON was without any legitimate cause or justification, was intentional, malicious reckless and in bad faith.

19. Defendant's actions caused plaintiff ARTHUR HOUSTON to be deprived of his liberty, suffered great pain and suffering was subject to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

20. As a result of the foregoing, the plaintiff ARTHUR HOUSTON seeks compensatory damages from all defendants' as well as punitive damages from all individual defendants.

COUNT II

21. Plaintiff, ARTHUR HOUSTON, repeats and realleges paragraphs 1-20, as if fully set forth herein.

22. That the plaintiff ARTHUR HOUSTON was prosecuted on the original charges without probable cause and with malice by the defendants.  The charges were in fact dismissed on June 26, 2014.

23. Defendant's actions caused plaintiff to suffer great pain and suffering and was subjected to ridicule, scorn, and humiliation by those observing and/or knowing of this prosecution.

24. As a result of the foregoing, the plaintiff seeks compensatory damages from all of the defendants and punitive

Arthur Houston

damages from the individual defendants.

### COUNT III

25. Plaintiff ARTHUR HOUSTON, repeats and realleges paragraph 1-24, as if fully set forth herein.

26. That the defendant, the City of New York, was careless and reckless in hiring, retaining, and training of its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendants failed to exercise due care and caution in its hiring practice.

27. That the defendant, its agents, servants, and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in that they failed to train their employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and in that the defendant, its agents, servants and employees were otherwise reckless, careless and negligent.

28. Defendant's action caused plaintiff ARTHUR HOUSTON to be deprived of his liberty, suffered great pain and suffering and was subject to ridicule, scorn and humiliation by those observing and or knowing of his detention.

29. As a result of the foregoing, the plaintiff seeks compensatory damages from the City of New York in an amount to be determined at trial.

### COUNT IV

30. Plaintiff ARTHUR HOUSTON repeats and realleges paragraphs

Arthur Houston

1-29 as if fully set forth herein.

31. As a direct and proximate result of defendant's actions plaintiff ARTHUR HOUSTON property was destroyed by the action of the defendants, falsely arrested and detained and maliciously prosecuted without legal cause or justification.

32. The actions of the defendants were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

33. As a direct and proximate cause of defendant's actions, plaintiff was deprived of rights and privileges and immunities secured to him under the Constitution and the laws of the United States of America including, but not limited to his rights under the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C.1983 to be secure in his person, to be free from false arrest and imprisonment without due process, and to equal protection of the laws.

34. Defendant's actions caused plaintiff, ARTHUR HOUSTON to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention as well as damage to his personal property.

35. As a result of the foregoing the plaintiff, ARTHUR HOUSTON seeks compensatory damages from all defendants as well as punitive damages for all individual defendants.

JURY DEMAND

36. The Plaintiff, ARTHUR HOUSTON respectfully demand that this proceeding be tried by a jury.

Arthur Houston

**WHEREFORE**, plaintiffs, ARTHUR HOUSTON, prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Section 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2) For compensatory damages against all defendants; and

3) For punitive damages against defendants MICHELI SGT. CLAUDIO RAMIREZ DET.KANOVER, DET. CYRUS, DET. ALERTE and DET. THOMAS whose shield numbers are unknown; and

4) For attorney's fees and costs pursuant to 42 U.S.C. 1988; and

5) For other relief as is just and proper.

DATED:    New York, New York
          April 15, 2016

_____
STUART BIRBACH (SB-8881)
Attorney for Plaintiff
15 West 44th Street
12th Floor
New York, New York   10036
(212) 764-2468

Arthur Houston